IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVEN SANTELLA and SONYA SANTELLA, | § § § | |
| PLAINTIFFS, | § § | |
| V. | § § | A-11-CA-181 LY |
| GRIZZLY INDUSTRIAL, INC. f/k/a Grizzly Imports, Inc. , | § § § § | |
| DEFENDANT. | § § | |

## ORDER

Before the Court are Defendant's Motion to Compel Discovery, filed November 22, 2011 (Doc. #27); Memorandum of Law in Opposition to Defendant's Motion to Compel Discovery and supporting declaration, filed December 6, 2011 (Doc. #'s29-30); and Defendant's Reply in Support of its Motion to Compel Discovery, filed December 9, 2011 (Doc. # 32). By way of the motion, Defendant Grizzly Industrial, Inc. ("Grizzly") seeks an order compelling Plaintiffs to provide complete responses to the discovery propounded to them by Grizzly.

### I.

In this action, Steven Santella ("Santella") alleges he was injured on March 9, 2009, when using the GI023SL table saw distributed, supplied and/or sold to his employer by Grizzly. By way of his complaint, Santella contends "Grizzly participated in the design of the product, exercised substantial control over the content of the inadequate instructions and warnings that accompanied the saw and Grizzly actually knew of a defect in the product at the time it sold the Subject Saw." (Plf. Orig. Compl. ¶¶ 9 & 19). Santella, and his wife Sonya Santella, assert claims of negligence, breach of implied warranty, and strict products liability against Grizzly. (*Id.* ¶¶ 20-32).

Grizzly has filed a motion to compel discovery from Plaintiffs. According to Grizzly, Plaintiffs were served with three separate sets of discovery requests. Grizzly contends, "[i]nstead of satisfying their discovery obligations in good faith, however, Plaintiffs asserted boilerplate broad blanket objections to virtually all of Grizzly's interrogatories and document requests." (Def. Mot. at 2). Grizzly further complains Plaintiffs have produced a disc of over 3500 pages of unsegregated and uncategorized documents from prior lawsuits litigated by Plaintiffs' counsel involving other table saws not made or designed by Grizzly. Grizzly asks this Court to order Plaintiffs to withdraw their blanket objections and further to order Plaintiffs to organize and categorize the documents produced to correspond to Grizzly's discovery requests.

### III.

As an initial matter, Defendant concedes, and Plaintiffs confirm, no documents or other responses were withheld based on the objections asserted by Plaintiffs. Accordingly, Defendant has shown no reason to address this portion of the motion to compel.

Grizzly maintains Plaintiffs' production of documents is deficient because the document production does not comply with the applicable rules. Specifically, the Federal Rules mandate that a party "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." FED. R. CIV. P. 34(b)(2)(E)(i). Grizzly argues the admitted failure by Plaintiffs to categorize the 3500 pages of documents produced on disc violates the strictures of Rule 34.

Plaintiffs, in turn, argue Rule 34 does not compel the categorization of the documents. They maintain the documents were produced as kept in the usual course of business of Plaintiffs' counsel. Specifically, they state, as part of multiple cases involving the design of various table saws, counsel

"have collected documents which generally relate to: table saw design; the industry's knowledge of table saw defects; the industry's knowledge of safer blade guards, riving knives and flesh detection technology; the industry's failure to adopt these improved safety features; and the industry's efforts to hinder the adoption of these improved safety features as industry standards or requirements." (Plf. Memo. in Oppos. at 3). These are the documents which were produced on disc to Grizzly, as kept in the usual course of counsel's business. According to Plaintiffs, they have no documents specific to Grizzly, as sought by Grizzly's document requests. Plaintiffs maintain Rule 34 permits a party to produce documents either in a categorized form or as kept in the usual course of business and they have simply chosen the second alternative.

In its reply, Grizzly argues Plaintiffs' counsel are not entitled to invoke the provisions of Rule 34 as that rule applies only to the production by parties. Although Grizzly's argument is technically correct, it is based on a distinction without a difference. The Rules of Civil Procedure provide that non-parties "must produce documents as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand." FED. R. CIV. P. 45(d)(1)(A). Rule 45 further directs if the request "does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." FED. R. CIV. P. 45(d)(1)(B).

Grizzly has not rebutted Plaintiffs' explanation that the production of the disc is as the information thereon is stored in the ordinary course of business as ordinarily maintained. Accordingly, Defendant has not shown an order compelling more action from Plaintiffs concerning that production is warranted.

As a final matter, the undersigned notes Plaintiffs' contention that Grizzly's motion is brought in bad faith has some merit. The Local Rules direct counsel for the parties to confer in a good-faith attempt to resolve a matter by agreement prior to filing a motion "and, further, certif[y] the specific reason(s) that no agreement could be made" in the body of the motion. Local Court Rules Rule CV-7(h). Although Grizzly certifies in the motion to compel that such an attempt was made, it fails to provide any reason for the lack of agreement. Further, in response to Plaintiffs' contention of bad faith, Grizzly suggests it satisfied the conference requirement by merely stating in letters to Plaintiffs' counsel that Grizzly would file a motion to compel if Plaintiff did not fully comply with Grizzly's demands regarding the document production. The undersigned admonishes Grizzly that the repeated threat of filing a motion to compel if an opposing party does not fully comply with a demand does not constitute a good faith attempt to confer.

## IV.

Accordingly, Defendant's Motion to Compel Discovery (Doc. #27) is hereby DENIED.

SIGNED this 16th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE